UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Thaddeus R. Maciag, Esq.
MACIAG LAW, LLC
475 Wall Street
Princeton, New Jersey  08540
(908)704-8800
Attorney for the Debtor-in-Possession

Order Filed on August 28, 2015
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

COMFORCARE FOR MDE, INC.,

Debtor-in-Possession.

Case No.: 15-24730-CMG

Chapter 11 Reorganization
Judge: Hon. Christine M. Gravelle
Hearing Date:

## CONSENT ORDER
## PER 11 U.S.C. § 363(c)(2)(A )
## AUTHORIZING INTERIM USE OF CASH COLLATERAL
## WITH THE CONSENT OF
## SECURED CREDITOR PARKE BANK ,
## AND
## SCHEDULING A FINAL HEARING
## FOR INTERIM USE OF CASH COLLATERAL

The relief set forth on the following page(s), numbered two (2) through eight (8) is hereby **ORDERED**.

**DATED: August 28, 2015**

Gravelle
cy Judge

"In re Comforcare for MDE, Inc."
Chapter 11 Reorganization; Case #15-24730-CMG
CONSENT ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL
AND
SCHEDULING A FINAL HEARING
FOR INTERIM USE OF CASH COLLATERAL

This matter is before the Court per the Motion by the Debtor-in-Possession, and with the Consent of the Secured Creditor Parke Bank to the entry of this Consent Order per 11 U.S.C. §363(c)(2)(A) Authorizing Interim Use of Cash Collateral with the Consent of Secured Creditor Parke Bank, and Scheduling a Final Hearing for Interim Use of Cash Collateral

Bankruptcy Code §363(c)(2)(A) provides that the Debtor-in-Possession may use cash collateral if "each entity that has an interest in such cash collateral consents". Parke Bank, which holds a UCC-1 on the Debtor's cash collateral, has by the signature of its counsel below, consented to the entry of this Order, *only for the limited period August 4 - October 31, 2015; by its terms this Order will expire October 31, 2015 unless a further Order is entered by this Court.*

The Court having considered the papers filed, and noting the Consent of the Secured Creditor, Parke bank, to entry of this Order, and good and sufficient cause appearing for the entry of the within order, it is hereby found:

**A. Notice and Hearing.** This Consent Order is being entered under Code Section §363(c)(2)(A), so the Notice and Hearing requirements of §363(c)(2)(B) do not apply to entry of this Interim Order. Notice of the Interim Hearing for Final Use of Cash Collateral, upon same being scheduled by the Court, will be given and served by the Debtor to the (1) the United States Trustee, (2) the Debtor's secured creditors, (3) any committee appointed under Section 1102 if one has been appointed, and if not, to the twenty (20) largest unsecured creditors on the Rule

**"In re Comforcare for MDE, Inc."**
Chapter 11 Reorganization; Case #15-24730-CMG
**CONSENT ORDER**
**AUTHORIZING INTERIM USE OF CASH COLLATERAL**
**AND**
**SCHEDULING A FINAL HEARING**
**FOR INTERIM USE OF CASH COLLATERAL**

1007(d) list.

  **B. Chapter 11 Filed.** Debtor filed its petition under Chapter 11 of the Bankruptcy Code on August 4, 2015 (the "Petition Date") and is presently operating as a debtor-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

  **C. Pre-Petition Secured Creditor.** Parke Bank [the Secured Creditor] have asserted a secured claim (the "Pre-Petition Debt") against the Debtor in the approximate principal amount of $500,000.

  **D. Pre-Petition Collateral.** The Secured Creditor has made a prima facie showing that it has a properly perfected UCC-1 lien on the Debtor's property (including accounts and general intangibles) at the commencement of the case, including the Debtor's accounts, inventory and other collateral which is, or may result in, cash collateral.

  **E. Cash Collateral.** "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Section 9-306.

  **F. Necessity and Best Interest.** The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. The Debtor requires immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of

**"In re Comforcare for MDE, Inc."**
**Chapter 11 Reorganization; Case #15-24730-CMG**
**CONSENT ORDER**
**AUTHORIZING INTERIM USE OF CASH COLLATERAL**
**AND**
**SCHEDULING A FINAL HEARING**
**FOR INTERIM USE OF CASH COLLATERAL**

reorganization. Debtor's use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtor's budget, annexed hereto as Exhibit A (the "Cash Collateral Budget") for the limited period from August 4, 2015 (the Petition Date) through October 31, 2015.

**G. Purposes.** The Debtor is authorized to use cash collateral to meet the ordinary cash needs of the Debtor (and for such other purposes as may be approved in writing by the Secured Creditor) for the payment of actual expenses of the Debtor necessary to (a) maintain and preserve its assets, and (b) continue operation of its business, including payroll and payroll taxes, and insurance expenses as reflected in the cash collateral budget.

The Court having determined there is a reasonable likelihood that the Debtor will prevail upon the merits at the final hearing of the Motion as required by Section 363(c)(3) of the Bankruptcy Code, and for good cause shown, it is
ORDERED as follows:

    **1. Use of Cash Collateral**. The Debtor is authorized, for the periods and in accordance with the cash collateral budget attached hereto as **Exhibit A**, to use cash collateral for the following purposes:

        a. maintenance and preservation of its assets;

        b. the continued operation of its business, including but not limited to payroll, payroll taxes, employee expenses, and insurance costs; and

"In re Comforcare for MDE, Inc."
Chapter 11 Reorganization; Case #15-24730-CMG
CONSENT ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL
AND
SCHEDULING A FINAL HEARING
FOR INTERIM USE OF CASH COLLATERAL

    c. the payment of statutory fees to the United States Trustee per 28 U.S.C. § 1930(a)(6).

    **2. Adequate Protection.** As adequate protection for use of cash collateral, the Secured Creditor is GRANTED:

        **a. Replacement Lien.** A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Secured Creditor's cash collateral is used by the Debtor, to the extent and with the same priority in the Debtor's post-petition collateral, and proceeds thereof, that the Secured Creditor held in the Debtor's pre-petition collateral.

        **b. Statutory Rights Under Section 507(b).** To the extent the adequate protection provided for hereby proves insufficient to protect the Secured Creditor's interest in and to the cash collateral, the Secured Creditor shall have a superpriority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding.

        **c. Deemed Perfected.** The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of the Secured Creditor taking possession, filing financing statements, mortgages or other documents, but without prejudice to the Secured Creditor being required to present evidence that it has a perfected secured lien.

        **d. Periodic Accountings.** Within thirty (30) days of the entry of this Order, the Debtor shall provide (monthly) periodic accountings to the Secured Creditor setting forth the cash receipts and disbursements made by the Debtor under this Order. In addition, the Debtor shall

"In re Comforcare for MDE, Inc."
Chapter 11 Reorganization; Case #15-24730-CMG
<u>CONSENT ORDER</u>
AUTHORIZING INTERIM USE OF CASH COLLATERAL
AND
SCHEDULING A FINAL HEARING
FOR INTERIM USE OF CASH COLLATERAL

provide the Secured Creditor all other reports required by the pre-petition loan documents, as well as copies of the Debtor's monthly United States Trustee operating reports. Upon appointment of any Creditor's Committee, the Debtor shall submit a copy of the monthly U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

  **e. Default Hearing.** In the event Debtor defaults or violates this Order, the Secured Creditor is entitled to request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

  **f. Initial Adequate Protection Payments** The Debtor will, as further Adequate Protection pay to Parke Bank $3,000.00 on August 25, 2015; $3,000 on September 15, and $3,000 on October 15, 2015. *This payment schedule is without prejudice to Parke Bank's rights to demand increased monthly Adequate Protection payments as to any period after October 31, 2015.* If the Debtor fails to make any such payment within two (2) business days from the day it is due, then counsel for Parke Bank may e-file with the Court a Certification upon notice to the Debtor's attorneys with an e-filed proposed form of Order Denying Further Use of Cash Collateral to be entered by the Court, if such payment is not delivered to Parke Bank's attorneys within an additional one (1) business day cure period.

  **3. Creditor's Rights of Inspection and Audit** . Upon reasonable notice by the Secured Creditor, Debtor shall permit such creditor and any of its agents reasonable and free access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of collateral in which said creditor holds a security interest and to audit

"In re Comforcare for MDE, Inc."
Chapter 11 Reorganization; Case #15-24730-CMG
CONSENT ORDER
AUTHORIZING INTERIM USE OF CASH COLLATERAL
AND
SCHEDULING A FINAL HEARING
FOR INTERIM USE OF CASH COLLATERAL

Debtor's cash receipts and disbursements.

**4. Interlocutory Order and No Modification of Creditor's Adequate Protection**. This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit the Secured Creditor to the relief granted herein: (b) bar the Secured Creditor from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same: or (c) require the Secured Creditor to make any further loans or advances to the Debtor. The Order may be modified for cause shown by the Debtor, the Secured Creditor or any other party-in-interest on due notice. No such modification, however, shall deprive the Secured Creditor of its interest in Debtor's property (pre-petition and post-petition).

### FINAL HEARING ORDER

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtor on or before the __20th__ day of __October__ of __2015__, a written objection and shall appear to advocate said objection at a Final Hearing on Use of Cash Collateral, to be held at __2:00pm.__ on the __27th__ day of __October, 2015__ before __Hon. Christine M. Gravelle, U.S. Bankruptcy Judge__, at __United States Courthouse, 402 East State Street, Trenton, New Jersey 08608__

In the event no objections are filed or not advocated at such hearing, and in the event that the Parke Bank consents in writing to continuing this Order, then this Order shall continue in full force and effect and shall be deemed a Final Order without further notice or hearing in

"In re Comforcare for MDE, Inc."
Chapter 11 Reorganization; Case #15-24730-CMG
<u>CONSENT ORDER</u>
AUTHORIZING INTERIM USE OF CASH COLLATERAL
AND
SCHEDULING A FINAL HEARING
FOR INTERIM USE OF CASH COLLATERAL

accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3). If Parke Bank or any other creditor objects, then the Final Hearing shall be held at 2:00pm October 27, 2015

## NOTICE ORDER

IT IS FURTHER ORDERED that the Debtor serve a copy of this Order and Notice by first class mail within two business days from the date hereof, on (1) the United States Trustee, (2) the District Director of the Internal Revenue Service, (3) the New Jersey Division of Taxation, (4) all known secured creditors and (5) counsel to any committee appointed under Section 1102 of the Bankruptcy Code, if one has been appointed and if not, to Debtor's twenty (20) largest Rule 1007(d) unsecured creditors. Debtor shall immediately file with the Clerk a Certificate of Service of said mailing.

\*   \*   \*

By the signatures of their counsel below, the parties consent to the entry of this Order:

| SALDUTTI LAW GROUP | MACIAG LAW, LLC |
|---|---|
| /s/ | /s/ |
| **William F. Saldutti III, Esq.** | **Thaddeus R. Maciag, Esq.** |
| **Attorney for Secured Creditor** | **Attorney for Debtor-in-Possession** |
| **Parke Bank** | **Comforcare for MDE, Inc.** |
| SALDUTTI LAW GROUP | MACIAG LAW, LLC |
| 800 North Kings Highway | 475 Wall Street |
| Suite 300 | Princeton, N.J. 08540 |
| Cherry Hill, N.J. 08034 | 908-704-8800 |
| 856-779-0300 | |
| Date: 08/25/2015 | Date: 08/25/2015 |

Page 8 of 8

Revision-6b, 08/17/2015

**EXHIBIT A**

**Comforcare Cash Collateral Budget:**

**Cash Collateral Budget for the period August 4 – October 31, 2015**

Projected Revenue, August – October 2015:    $ 260,000.00 (est.)

| | |
|---|---|
| Adequate Protection | $ 9,000.00 |
| Payroll | $ 198,000.00 |
| Office rent | $ 4,500.00 |
| Utilities | $ 4,800.00 |
| Office exp. & supplies | $ 3,000.00 |
| Franchise fees | $ 13,600.00 |
| Insurance | $ 20,076.00 |
| U.S. Trustee Fees (est.) | $ 1,950.00 |
| Miscellaneous | $ 3,000.00 |
| Contingency | $ 7,000.00 |
| Total | $265,126.00 |